# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1186 | **DATE** | 9/30/2011 |
| **CASE TITLE** | USA vs. White | | |

**DOCKET ENTRY TEXT**

Petitioner's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied and the case is terminated. Status hearing seat for 10/7/11 is now vacated.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Petitioner's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. Relief under this section is reserved for "extraordinary situations," *Prewitt v. U.S.*, 83 F.3d 812 (7th Cir. 1996), and petitioner, who is represented by counsel, has come nowhere near demonstrating that this is one. Petitioner--one of forty-six defendants indicted on charges relating to involvement in the Black Disciples' vast drug-distribution network, and the only one to have exercised his right to a jury trial--was convicted of conspiracy; shooting and attempting to murder a Chicago Police Officer; carrying and using a gun during a violent crime; and possession of a firearm by a felon. *U.S. v. White*, 582 F.3d 787, 800 (7th Cir. 2009). His conviction was affirmed on direct appeal, and he did not challenge his sentence. Petitioner now asserts, in the vaguest and most conclusory allegations that are supported neither by affidavit, nor by citation to the record, nor by any legal authority (with the exception of one undeveloped citation to a single case in his thirty-plus pages of briefing), that his conviction was the product of ineffective assistance of counsel. His petition is wholly without merit.

It is well established that attorney performance is evaluated from a highly deferential point of view, and there is a "strong presumption" that attorney conduct was reasonable. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). In this case, petitioner's unsupported arguments, which make no mention of *Strickland* or the standards it established, so clearly fall short of overcoming this presumption that I need not consider the affidavit of his trial attorney, which the government submitted in response to the petition.

For instance, petitioner first argues that his counsel was ineffective for failing to establish a "time line" that he claims would have demonstrated that petitioner could not have been the individual responsible for the officer's shooting. Despite petitioner's insistence that "it was not made clear to the jury how much time passed" between the time the officers first saw the shooter and the time petitioner was apprehended, and that his counsel could have proven his innocence by setting forth the time line of these events "in terms of minutes," "in concrete terms," or in "approximate minutes and seconds," remarkably, petitioner nowhere states (much less offers

**STATEMENT**

evidence to support), how much time he claims passed--the very terms he insists would have exonerated him. Repetition of his conclusory argument (and of this there is no shortage) is no substitute for substance, and it does not suffice to prevail under the exacting standard of *Strickland*.

Similarly, petitioner argues that his counsel was ineffective for failing to "utilize police dispatch information which indicated a description of the shooter which was completely different than that of [petitioner]." What information? While it is not clear from petitioner's argument, I assume that the "police dispatch information" he refers to was not presented through testimony or otherwise during his trial (and if it were, it becomes hard to see how he could have been prejudiced by his attorney's alleged failure). But if plaintiff means to refer to some evidence outside of the trial record that he claims his attorney should have presented, he has not identified what that evidence is. Apparently in this connection, petitioner mentions a "Sgt. R. Mancha," who he speculates "would have testified, according to available reports, that he had described the shooter to be 5'10" to 5'11" with no facial hair," which description he argues (again without factual support) did not match his own at the relevant time. But "evidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) ("A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *Id.*). Petitioner offers nothing to support either his assertion of how "Sgt. R. Mancha" would have testified, or his claim that the hoped-for testimony would have been exculpatory. Similar flaws infect all of petitioner's arguments relating to his counsel's alleged failure to call various witnesses.

I have reviewed petitioner's remaining arguments, which range from allegations that his counsel "insufficiently attacked" certain evidence at trial (without meaningful discussion of what a "sufficient" attack would have looked like, or how it would have affected the outcome of the trial) to allegations that his counsel failed to present some unspecified evidence petitioner claims would have rebutted evidence of his participation in the conspiracy (which the Seventh Circuit found to be "overwhelming." *White*, 582 F.3d at 803). Each of these arguments is as ill-supported as those discussed above, and none merits further examination.